UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JULIA L. HOLLINGSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-205-TS |
| | ) | |
| FORT WAYNE COMMUNITY SCHOOLS | ) | |
| and BARBARA GENTRY, in her | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**A. Background**

On May 22, 2006, the Plaintiff, Julia L. Hollingsworth, sued the Defendants, Fort Wayne Community Schools (FWCS) and Barbara Gentry. The Plaintiff claimed that Gentry and the FWCS deprived her of her property interest in being an athletic director at Elmhurst High School, in violation of the Fifth and the Fourteenth Amendments to the United States Constitution and Indiana contract law.

On August 9, the Defendants moved for summary judgment on all the Plaintiff's claims. Rather than responding to the motion, on August 25, the Plaintiff moved for dismissal of her case in accordance with Federal Rule of Civil Procedure 41(a)(2). She submits that her federal claims should be dismissed with prejudice as she has no facts supporting them. She then suggests that her state claims should be dismissed without prejudice as the Court has no subject matter jurisdiction over those claims.

The Defendants responded to the Plaintiff's motion on September 8, arguing that the

Court should dismiss all claims with prejudice, or if it chooses to dismiss the state claims without prejudice, that it award the Defendants attorney's fees for the time spent on the motion for summary judgment.

The Plaintiff replied on September 19.

**B. Discussion**

Since the parties concede that the federal claims fail as a matter of law, the only issue before the Court is whether it should exercise supplemental jurisdiction over the remaining state law claims. Title 28 U.S.C. § 1367 gives a district court supplemental jurisdiction over state law claims that are part of the same case or controversy as the federal claims giving the district court original jurisdiction. Section 1367(c) allows a district court to decline to exercise supplemental jurisdiction  when it has dismissed all claims over which it has original jurisdiction. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244 (7th Cir. 1994)). In a normal case "respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law" weigh in favor of dismissal of state law claims. *Id.* at 728. While there are unusual cases in which judicial economy, convenience, fairness, and comity suggest that a district court ought to retain jurisdiction over supplemental state claims, this is not such a case. Because all that remains are claims arising under Indiana law, the Court declines to exercise supplemental

jurisdiction to decide those claims.[1]

The Defendants argue that the Court should award them attorney's fees for the expenses incurred in preparing the motion for summary judgment. The Court does not find that such award is necessary. As the Plaintiff explained in her brief, she filed her Complaint in this Court before she was offered a teaching position. Once the Defendants offered her a teaching position, she realized that her federal claims are no longer viable and filed to dismiss the case so that she could pursue her state law claims. Under these circumstances, the Court is not inclined to impose attorney's fees on the Plaintiff as a condition for dismissing the state claims on jurisdictional grounds. Moreover, the work product of the Defendants' attorneys will likely be used in state court proceedings, if any, thus reducing further legal costs for the Defendants.

## CONCLUSION

In light of the above considerations, the Court grants the Plaintiff's Motion to Dismiss [DE 15]. The Court dismisses the Plaintiff's federal claim with prejudice. Moreover, having dismissed the federal claim, the Court lacks subject matter jurisdiction over the Plaintiff's state claims, and accordingly dismisses them without prejudice for lack of subject matter jurisdiction. *See Murray v. Conseco, Inc.*, ___ F.3d ___ , 2006 WL 3019404, *3 (7th Cir. 2006) ("A dismissal for lack of subject matter jurisdiction is not on the merits. "No jurisdiction" and "with prejudice" are mutually exclusive. A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.") (citations and quotation marks omitted).

---

[1] In their briefs, the parties focused on the Seventh Circuit's jurisprudence regarding the district courts' authority to dismiss claims, over which the courts have subject matter jurisdiction, with or without prejudice. Those discussions are irrelevant in this case because the only issue for the Court to consider is whether it should exercise supplemental jurisdiction over the state claims.

SO ORDERED on October 30, 2006.

                                          S/ Theresa L. Springmann
                                    THERESA L. SPRINGMANN
                                    UNITED STATES DISTRICT COURT